UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM YOUNG, et al., | Case No. 8:25-00762 MRA (ADS) |
| Plaintiffs, | |
| v. | ORDER ACCEPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |
| GRIFFIN, et al., | |
| Defendants. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint (Dkt. No. 5), Defendants' Motions to Dismiss (Dkt. Nos. 8, 32, 48), the opposing and reply papers, (Dkt. Nos. 36, 38, 44, 46, 64, 66), the Report and Recommendation of United States Magistrate Judge, (Dkt. No. 74) and Plaintiffs' Objections to Report and Recommendation (Dkt. No. 81).

The Report recommends the dismissal of the First Amended Complaint without leave to amend. (Dkt. No. 74.) The gravamen of the First Amended Complaint was Plaintiffs' challenge to the rejection of their attempts in state court to invalidate their

1   assignment of their state court judgment to a collection service.  (Dkt. No. 5 at ¶¶ 28-30; Dkt. No. 81-1 at 1.)  Plaintiffs' objections to the Report (Dkt. No. 81) do not merit any change to the Report's findings or recommendations.

Plaintiffs object that the *Rooker-Feldman* doctrine does not bar their claims.  (Dkt. No. 81 at 11-13.)  On the contrary, the gravamen of their allegations was that the state court's judge's orders were improperly decided and legally wrong.  (Dkt. No. 5 at ¶¶ 31, 33, 44, 47, 58.)  And as relief, they sought the "rescission and expungement" of the state court's orders  (*Id.* at 50-51.)  *Rooker-Feldman* applies where, as here, "the federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment."  *Miroth v. County of Trinity*, 136 F.4th 1141, 1151 (9th Cir. 2025) (emphasis in original).

Plaintiffs objects that the state court judge does not have judicial immunity because he acted without jurisdiction in issuing his rulings.  (Dkt. No. 81 at 13-16.)  On the contrary, Plaintiffs have not overcome the Report's finding that the state court judge has absolute immunity.  Even a "mistaken assumption" by a judge about the limits of jurisdiction (which has not been shown here) would not deprive the judge of absolute immunity.  *See Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority. . . .")).

Plaintiffs object that the "ultra vires acts" of the state court clerks are not shielded by quasi-judicial immunity.  (Dkt. No. 81 at 16-18.)  On the contrary, the alleged acts of the state court clerks, such as improperly blocking an online hearing or changing a court calendar, were quasi-judicial acts that are shielded by absolute immunity.  *See Moore v.*

*Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (court clerk was entitled to absolute quasi-judicial immunity for allegedly deceiving plaintiff regarding the status of a bond and improperly conducting hearings to assess costs), *superseded by statute on other ground as stated by Nordin v. Scott*, 2023 WL 4418595, at *1 (9th Cir. 2023).

Plaintiffs object that the private Defendants acted under color of law. (Dkt. No. 81 at 18-20.) On the contrary, the private Defendants were not state actors merely because they litigated their defense in court. *See Mitchell v. Kinney*, 2024 WL 4113735, at *5 n.12 (C.D. Cal. Sept. 6, 2024) ("Defendant's role as a private litigant does not make him a state actor within the meaning of Section 1983.") (citing *Dennis v. Sparks*, 449 U.S. 24, 28 (1980)).

Plaintiffs object that the decline of supplemental jurisdiction over their state law claims was an abuse of discretion. (Dkt. No. 81 at 20-21.) On the contrary, because there are no viable federal claims, "the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

Plaintiffs object that the Report mischaracterized their Eighth and Tenth causes of action. (Dkt. No. 81 at 21-23.) The Court agrees with the Report that the Eighth cause of action, for "declaratory and injunctive relief" (Dkt. No. 5 at ¶¶ 140-45), is not a separate cause of action. (Dkt. No. 74 at 10.) The Court also agrees with the Report that the Tenth cause of action, for elder financial abuse (Dkt. No. 5 at ¶¶ 154-62), alleges federal criminal violations for which Plaintiffs have no private right of action in federal court. (Dkt. No. 74 at 11.)

Plaintiffs object that they should have been granted leave to amend. (Dkt. No. 81 at 26-27.) The Court agrees with the Report that the pleading deficiencies, "including lack of subject matter jurisdiction, immunity of defendants, incognizable claims, and the

impossibility of asserting facts to plausibly allege a claim, cannot be cured." (Dkt. No. 74 at 13.) Thus, leave to amend is denied.

The Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections were made and overrules the objections. The Court accepts the findings and recommendations of the Magistrate Judge.

Accordingly, IT IS HEREBY ORDERED:

1. The Report and Recommendation of United States Magistrate Judge (Dkt. No. 74) is accepted;

2. Defendants' Motions to Dismiss (Dkt. No. 8, 32, 48) are granted;

3. Defendants' Motion for Preliminary Injunction and Restitution (Dkt. No. 50) is DENIED as moot;

4. The case is dismissed in its entirety; and

5. Judgment is to be entered accordingly.

DATED: August 18, 2025

_____
HON. MONICA RAMIREZ ALMADANI
United States District Judge